IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHESTER S. VAUGHN                                         PLAINTIFF

          v.               Civil No. 09-5205

DR. JAMES HUSKINS, Benton
County Detention Center;
NURSE MARSHA SMITH, Benton
County Detention Center;
SGT. FRY, Benton County
Detention Center; CAPTAIN
ROBERT HOLLY, Benton County
Detention Center; and SHERIFF
KEITH FERGUSON                                           DEFENDANTS

**O R D E R**

Now on this 16th day of September, 2011, come on for consideration defendants' **Motion For Summary Judgment** (document #42); the **Report And Recommendation Of The Magistrate Judge** ("R&R") (document #52); and plaintiff's **Objections** thereto (document #53), and from these documents, the Court finds and orders as follows:

1.   Plaintiff Chester S. Vaughn ("Vaughn") brought suit pursuant to **42 U.S.C. § 1983**, alleging that defendants were deliberately indifferent to his medical needs arising out of a chemical exposure when floor-mopping chemicals were splashed into his eye.

Defendants moved for summary Judgment, and the United States Magistrate Judge promulgated a questionnaire to assist Vaughn in responding to that motion.  Vaughn completed this questionnaire,

and when the motion was fully briefed, the Magistate Judge issued the R&R now under consideration.

2.   The R&R recommends that Vaughn's Complaint be construed as asserting both official and individual capacity claims, based on Vaughn's response to the questionnaire.  It further recommends granting the Motion For Summary Judgment as to claims against defendants Sheriff Keith Ferguson ("Ferguson") and Captain Robert Holly ("Holly") in their individual capacities, there being nothing in the record to suggest they knew about the chemical exposure or that they made any decisions about Vaughn's medical care, and denied in all other respects.

3.   Vaughn objects to the recommendation that his claim against Holly in his individual capacity be dismissed, pointing out that the record contains several grievances in which Vaughn asked for the Material Data Safety Sheet ("MSDS") for the chemical that was splashed in his eye.  When Holly responded that Vaughn would need to identify the chemical, Vaughn submitted another grievance stating that the chemical was in an unmarked container and asking that his jailers determine which chemical was in use. Holly responded "I can't help you."  To a third request, Holly responded "Denied."

A different officer responded to Vaughn's fourth request for the MSDS, stating that it was "available to the medical staff in your file."  However, Vaughn's jail medical file is also part of

the record, and there is no MSDS in it.

The Court finds Vaughn's objection on this point well taken. Holly, as a jail officer, was clearly in a much better position to determine which chemical was used to mop the floors than Vaughn, an inmate.  Moreover, because the MSDS is a document setting out the hazards inherent in a chemical substance, including health hazards related to exposure and emergency and first aid procedures, **42 U.S.C. § 11049(6); 29 C.F.R. 1910.1200(g)**, Holly's failure to investigate and learn the identity of the chemical, and produce its MSDS, may be viewed by the trier of fact as evidence of deliberate indifference on the part of Holly to serious medical needs on Vaughn's part.

For these reasons, Vaughn's first Objection will be sustained, and summary judgment as to Holly in his individual capacity will be denied.

4.  Vaughn also objects that summary judgment should not be granted in favor of Ferguson in his individual capacity, because he is "the man in charge." This is basically an argument that Ferguson should be held liable on a *respondeat superior* theory, which is not available to a plaintiff in a **§ 1983** action.

> Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.  . . . [A] warden's general responsibility for supervising the operations of a prison is insufficient

to establish personal involvement.

**Clemmons v. Armontrout**, **477 F.3d 962, 967 (8th Cir. 2007)**
(internal citations and quotation marks omitted).

This second objection of Vaughn will, therefore, be
overruled.

**IT IS THEREFORE ORDERED** that plaintiff's **Objections** to the
R&R (document #53) are **sustained in part** and **overruled in part**.
The Objections are **sustained** insofar as they object to granting
summary judgment to Captain Robert Holly in his individual
capacity, and **overruled** insofar as they object to granting summary
judgment to Sheriff Keith Ferguson in his individual capacity.

**IT IS FURTHER ORDERED** that the **Report And Recommendation Of
The Magistrate Judge** (document #52) is **adopted in part** and **not
adopted in part**. It is **not adopted** with regard to the
recommendation that summary judgment be granted in favor of
Captain Robert Holly in his individual capacity, and **adopted** in
all other respects.

**IT IS FURTHER ORDERED** that defendants' **Motion For Summary
Judgment** (document #42) is **granted in part** and **denied in part**.

The motion is **granted** as to Sheriff Keith Ferguson in his
individual capacity, and Vaughn's claims against him in that
capacity are **dismissed with prejudice**.

The motion is **denied** in all other respects.

-4-

**IT IS FURTHER ORDERED** that this matter is **remanded** to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

-5-