```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**CHESTER S. VAUGHN**                                              PLAINTIFF

       v.       Civil No. 09-5205

**DR. JAMES HUSKINS**, Benton
County Detention Center;
**NURSE MARSHA SMITH**, Benton
County Detention Center;
**SGT. FRY**, Benton County
Detention Center; **CAPTAIN
ROBERT HOLLY**, Benton County
Detention Center; and **SHERIFF
KEITH FERGUSON**                                                  DEFENDANTS

### O R D E R

Now on this 28th day of September, 2012, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** ("R&R") (document #93) and plaintiff's **Motion To Object To The Report And Recommendation Of The Magistrate Judge** ("Objections") (document #53), and from these documents, the Court finds and orders as follows:

1. Plaintiff Chester S. Vaughn ("Vaughn") brought suit pursuant to **42 U.S.C. § 1983**, alleging that defendants were deliberately indifferent to his serious medical needs arising out of a chemical exposure when floor-mopping chemicals were splashed into his eye.

2. Magistrate Judge Erin L. Setser conducted an evidentiary hearing, and reported the following as to Sgt. Fry, Nurse Smith, and Dr. Huskins on Vaughn's individual-capacity claims against

them:

   *   The splashing of floor mop-water containing cleaning chemicals into Vaughn's eye on Saturday night, September 12, 2009, created a serious medical condition.

   *   Sgt. Fry learned of the incident the following morning, Sunday, September 13, 2009. Vaughn was then given eyewash to wash out his eye, and Nurse Smith was contacted for further directions. Sgt. Fry testified that he directed jail staff that if Vaughn's condition worsened, command staff was to be advised and the nurse was to be contacted.

   *   When Nurse Smith was informed of the incident on Sunday, September 13, 2009, she was given to understand that Vaughn had washed his eye with the eyewash and experienced some relief. She directed that if his condition worsened she was to be called. Nurse Smith also directed that Vaughn was to be placed on the sick call list for Monday, September 14, 2009.

   *   Dr. Huskins examined Vaughn on Monday, September 14, 2009, and prescribed eye drops. The following day, when Vaughn continued to complain of eye pain, Dr. Huskins directed that he be taken to the hospital, where he was treated with additional eye drops. A week later, Dr. Huskins referred Vaughn to BoozmanHof Eye Clinic.

   Based on these facts, Magistrate Judge Setser reported that Vaughn had failed to demonstrate that Sgt. Fry, Nurse Smith, or

Dr. Huskins demonstrated deliberate indifference to Vaughn's serious medical needs, and recommended that Vaughn's claims against them in their individual capacities be dismissed.

    3.  Vaughn's claim against Captain Holly in his individual capacity is that he failed to produce the MSDS sheets for the chemicals that were in the mop water. Magistrate Judge Setser reported, as to this claim, that Captain Holly was aware that Vaughn was receiving medical care, and that no medical care provider requested the MSDS sheets. She further reported that there is no evidence that Vaughn would have received any different medical treatment if the MSDS sheets had been produced.

Based on these facts, Magistrate Judge Setser recommended that Vaughn's claims against Captain Holly in his individual capacity be dismissed.

    4.  With regard to the official capacity claims, Magistrate Judge Setser reported that they are claims against Benton County, Arkansas, and require a showing that a constitutional violation was committed pursuant to an official custom, policy, or practice of the County -- a showing as to which there was absolutely no evidence. She recommended that these claims be dismissed.

    5.  Vaughn's Objections to the R&R are that he should have received medical care more promptly, and that it should have been better care. These objections are without merit, and will be overruled.

(a)  With regard to the time it took Vaughn to obtain initial medical care for his eye, Vaughn's objection is that defendants violated his constitutional rights by "not getting me the medical care that I needed that night of the accendent [sic] when I got the chemicals in my left [eye]."

This objection is without merit because, Vaughn's Complaint makes no claim against the "pod deputy" who allegedly refused to allow Vaughn to shower so as to wash the chemical out of his eye when the incident occurred on Saturday night, September 12, 2009, or anyone else on duty that night. The first named defendant to be made aware of the incident was Sgt. Fry, who was not notified of the problem until Sunday, September 13, 2009.  Vaughn was provided with eyewash shortly thereafter.

(b)  With regard to the quality of medical care provided by Nurse Smith and Dr. Huskins, Vaughn's objection seems to be that they were negligent in the type of care provided. This objection is without merit because medical negligence does not violate the Eighth Amendment, although medical treatment may be so inadequate as to be evidence of deliberate indifferent. **McRaven v. Sanders, 577 F.3d 974, 983 (8th Cir. 2009).**

The evidence here does not demonstrate deliberate indifference.  Dr. Huskins initially prescribed eye drops, and Tylenol for pain.  When this did not significantly improve Vaughn's condition, Dr. Huskins sent him to the hospital, and a

-4-

few days later sent him to see Dr. Woodward at BoozmanHof Eye Clinic. These are not the actions of one who is deliberately indifferent to his patient's needs.

While there is less evidence about the conduct of Nurse Smith, such evidence as there is shows that she was contacted about the incident and told that the eyewash was giving relief. She directed the jailers to contact her if the situation worsened. This conduct does not amount to deliberate indifference.

6.  For the foregoing reasons, Vaughn's Objections will be overruled, and the R&R adopted *in toto.*

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Object To The Report And Recommendation Of The Magistrate Judge** (document #53) is **denied**, and his Objections are **overruled.**

**IT IS FURTHER ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #93) is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that plaintiff's claims are **dismissed with prejudice.**

**IT IS SO ORDERED.**

          /s/ Jimm Larry Hendren
          JIMM LARRY HENDREN
          UNITED STATES DISTRICT JUDGE